## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-182-GKF |
| | ) | |
| EARLY LIVESTOCK, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

This matter comes before the court on the Motion For Leave of Court to Withdraw Guilty Plea and for Dismissal of Indictment [Doc. 35] of defendant Early Livestock. For the reasons discussed below, the motion is granted.

### I.      Background and Procedural History

The Indictment charges Livestock with one count of failure to register as a sex offender pursuant to 18 U.S.C. § 2250. [Doc. 14]. On January 8, 2020, Livestock pled guilty to the charge, and the court set his sentencing for April 8, 2020. [Doc. 32]. However, on March 16, 2020, Livestock filed his Motion for Leave of Court to Withdraw Guilty Plea and for Dismissal of Indictment. [Doc. 35]. Based on Livestock's motion, the court struck the April 8 sentencing to be reset upon resolution of the Motion to Dismiss. [Doc. 36]. The government responded in opposition to the motion to dismiss on April 14, 2020 [Doc. 39], and Livestock filed a reply on April 16, 2020. [Doc. 40].

### II.      Standards

Pursuant to Fed. R. Crim. P. 11, a defendant may withdraw a guilty plea, "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2) (formatting altered). The defendant

bears the burden of demonstrating a "fair and just reason" for withdrawal. *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). To determine whether a defendant meets his or her burden, the court considers the following factors: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Id.* (quoting *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993)).

"Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when 'trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *United States v. Pope,* 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). Thus, a court may determine a motion to dismiss that "require[s] it to answer only pure questions of law." *Id.* at 1260.

Livestock asserts he is innocent because he was not required to register as a sex offender at the time charged in the Indictment and therefore requests dismissal of the Indictment and to withdraw his guilty plea. [Doc. 35, p. 4]. The government's response is entirely directed to Livestock's motion to dismiss and therefore the court understands the government's position to be that Livestock's motion to withdraw guilty plea should be granted if the court determines the motion to dismiss in Livestock's favor. *See generally* [Doc. 39]. Thus, the court focuses its analysis on the motion to dismiss.

## III.    Motion to Dismiss Analysis

The Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 *et seq.*, dictates the registry requirements for sex offenders. SORNA classifies sex offenders into tiers. "Tier III sex offenders" are, in relevant part, those offenders

whose offense is punishable by imprisonment for more than 1 year and—

(A)     is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:

　　　(i)     aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or

　　　(ii)    abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years[.]

34 U.S.C. § 20911(4).  A "Tier I sex offender" means "a sex offender other than a tier II or tier III sex offender."[1]  *Id.* § 20911(2).  The duration of a sex offender's required registration period depends upon the offender's "tier" classification.  34 U.S.C. § 20915.  Section 20915 of SORNA provides a fifteen (15) year registration period for Tier I offenders, and a lifetime registration period for Tier III offenders.  *Id.* § 20915(a).

In May of 1989, Livestock was charged and later convicted of first degree sexual assault pursuant to Wis. Stat. Ann. § 940.225(1)(d).  The government contends this prior conviction is comparable to abusive sexual contact (as described in 18 U.S.C. § 2244) against a minor who has not attained the age of 13 years.  To determine a defendant's SORNA tier classification, the Tenth Circuit applies "a categorical approach to sex offender tier classifications designated by reference to a specific federal criminal statute."  *United States v. White*, 782 F.3d 1118, 1135 (10th Cir. 2015).[2]  Pursuant to the categorial approach, the court must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the predicate crime], while ignoring the particular facts of the case."  *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).  If the elements of the statute of conviction are the same as the Tier III offense, or are defined more

---

[1] Neither the government nor Livestock contends that Livestock is a "Tier II" sex offender.

[2] Neither the government nor Livestock argues that the statute is divisible and a modified categorical approach applies.

narrowly, then the conviction requires a Tier III classification. *See Descamps v. United State*s, 133 S. Ct. 2276, 2283 (2013). However, if the elements of the statute of conviction "sweep[] more broadly" than, or cover more conduct than, the referenced federal offense, then the statute of conviction cannot serve as a Tier III predicate offense. *Id.*; *see also Mathis*, 136 S. Ct. at 2248.

Looking to the Wisconsin statute, at the time of the relevant conduct and criminal complaint, Wis. Stat. Ann. § 940.225(1)(d) provided "[w]hoever does any of the following is guilty of a Class B felony . . . [h]as sexual contact or sexual intercourse with a person 12 years of age or younger." *State v. Hirsch*, 410 N.W.2d 638, 640 (Wis. Ct. App. 1987) (formatting altered from original) (quoting Wis. Stat. Ann. § 940.225(1)(d)).[3] The statute defined "sexual contact" as:

> any intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading; or for the purpose of sexually humiliating the complainant or sexually arousing or gratifying the defendant or if the touching contains the elements of actual or attempted battery under s. 940.19(1).

*Id.* (quoting Wis. Stat. Ann. § 940.225(5)(a)). "Intimate parts" meant "the breast, buttock, anus, groin, scrotum, penis, vagina or pubic mound of a human being." *Id.* (quoting Wis. Stat. Ann. § 939.22(19)).

Turning to SORNA, the relevant Tier III offense is "abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years." 34 U.S.C. § 20911(4)(A)(ii). Section 2244, in relevant part, prohibits knowingly engaging in or causing sexual contact with or by another person, if so to do would violate . . . "subsection (c) of section 2241 of this title had the sexual contact been a sexual act[.]" 18 U.S.C. § 2244(a)(5). Section

---

[3] Section 940.225(1)(d) was repealed by sec. 30, 1987 Wis. Act 332, effective July 1, 1989. The section was "recreated" as section 948.02(1), which governs crimes against children. *State v. Sauceda*, 472 N.W.2d 798, 800 n.1, 810 (Wis. Ct. App. 1991).

2241(c), in turn, makes it a crime to "knowingly engage[] in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so." 18 U.S.C. § 2241(c). "Sexual contact" means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

Comparing the elements of Wis. Stat. Ann. § 940.225(d)(1) with the elements of the referenced federal offense, the Wisconsin statute sweeps more broadly than abusive sexual contact against a minor pursuant to 18 U.S.C. § 2244. The Wisconsin statute prohibited sexual contact with a person *12 years of age or younger*, whereas the federal statute prohibits sexual contact with a minor *who has not attained the age of 12 years*. Thus, a discrepancy exists in the age element, and the Wisconsin statute is broader than the federal offense because it prohibits sexual contact during a minor's twelfth year.

The government urges the court to adopt the reasoning of an unpublished Tenth Circuit decision, *United States v. Forster*, 549 F. App'x 757, 769 (10th Cir. 2013), and conclude that the Wisconsin statute and referenced federal offense are "comparable." In *Forster*, a Tenth Circuit panel considered whether a conviction for "gross sexual imposition" under Ohio Rev. Code Ann. § 2907.05(A)(4), qualified as an offense "comparable to or more severe than . . . abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor who has not attained the age of 13 years" and therefore a Tier III SORNA offense. *Id.* at 767-68. The Ohio statute prohibits "sexually-oriented touching—whether directly or through the clothing—of an erogenous zone of a minor less than thirteen years of age," whereas 18 U.S.C. § 2244 prohibits sexual contact with minors under the age of twelve. *Id.* at 768. Applying the categorical approach, the panel stated:

> To be sure, on its face, the protective sweep of the Ohio statute would appear to be slightly broader, protecting minors under thirteen—instead of just those under

twelve—from unlawful sexual contact. However, SORNA's tier regime only demands that the statutes be "comparable," not that they be identical. 42 U.S.C. § 16911(3)(A). And, more importantly, SORNA effectively negates this temporal point of distinction because it expressly defines the scope of § 2244's substantive provisions, for purposes of the tier regime, to apply to only "a minor who has not attained the age of 13 years." *Id.* § 16911(4)(A)(ii). In other words, viewed through the lens of SORNA, the Ohio statute and § 2244—by cross-reference to § 2241(c)—protect the same age group of minors from unlawful sexual contact.

*Id.* at 769. It is well-established that, in the Tenth Circuit, "[u]npublished decisions are not precedential, but may be cited for their persuasive value." 10th Cir. R. 32.1(A). Thus, the court is not bound by *Forster*. More importantly, *Forster* is not persuasive in this instance because it was decided prior to *Mathis*.

In *Mathis*, the U.S. Supreme Court reiterated its prior holdings that, in applying the categorical approach, a court must consider "only the *elements of the offense*." *Mathis*, 136 S. Ct. at 2252 (formatting altered from original) (emphasis in original) (citing *Sykes v. United States,* 564 U.S. 1, 7 (2011)). The Court stated "in no uncertain terms" that a state crime cannot qualify as a predicate offense if its elements are broader than those of the listed federal offense. *Id.* at 2251 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). "[I]f the crime of conviction covers *any more* conduct than the [referenced] offense," it cannot be a Tier III offense, regardless of whether defendant's conduct actually falls within the scope of the federal statute. *Id.* at 2248 (emphasis added).

In light of *Mathis*'s clear mandate, this court concludes that an identity of elements, at the very least, is required for a state statute to be "comparable" to a Tier III offense.[4] A state statute that is "slightly broader" is not comparable. *See United States v. Barcus*, 892 F.3d 228, 233 (6th Cir. 2018) (concluding that *Mathis* "shuts the door" on any argument that a state statute that is

---

[4] A state statute of conviction may also qualify as a Tier III predicate offense if the statute covers a narrower range of conduct than the referenced federal offense. *Descamps*, 570 U.S. at 261.

"slightly broader" than the federal counterpart is "comparable" to a Tier III offense); *see also United States v. Escalante*, 933 F.3d 395, 402-03 n.9 (5th Cir. 2019) (expressing skepticism "that courts applying the categorical approach have leeway to hold that a broader offense can still be a predicate when it is deemed only 'slightly broader,'" and noting lack of Supreme Court precedent in support).

Nor is the age requirement effectively negated by SORNA, which defines the Tier III offense as one "comparable to or more severe than . . . abusive sexual contact (as described in [18 U.S.C. § 2244]) against a minor *who has not attained the age of 13 years*." 34 U.S.C. § 20911(4)(A)(ii) (emphasis added). The section's condition that the contact be against "a minor who has not attained the age of 13 years" permits a court to look to the underlying facts but only "for the limited purpose of determining the victim's age." *White,* 782 F.3d at 1135. The condition is not an exception to the categorical approach. Rather, the court must first apply the categorical approach to determine whether defendant's Wisconsin conviction is a categorical match to "abusive sexual contact (as described in section 2244 of title 18)," and only *then* may the court look to the victim's age "to complete the tier-classification determination." *United States v. Walker*, 931 F.3d 576, 581 (7th Cir. 2019); *see also White,* 782 F.3d at 1133; *Escalante*, 933 F.3d at 402.

Here, Wis. Stat. Ann. § 940.225(1)(d) prohibits a broader range of conduct than the referenced federal statute, 18 U.S.C. § 2244, because the victim under the Wisconsin statute can be twelve years old, whereas the federal statute caps the victim's age at eleven. Thus, under the categorial approach, the state statute is not "comparable" to the federal offense. Livestock's 1989 conviction therefore cannot qualify as a "Tier III" predicate offense, and Livestock is a Tier I offender. As such, his sex offender registration period ended in 2009. Because Livestock was not

required to register as a sex offender at the time of the charged conduct,  the Indictment must be dismissed.  Further, Livestock's actual innocence of the crime charged constitutes a "fair and just reason" for withdrawal of his guilty plea.

**IV.     Conclusion**

WHEREFORE, the Motion for Leave of Court to Withdraw Guilty Plea and for Dismissal of Indictment [Doc. 35] is granted.

IT IS SO ORDERED this 28th day of April, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE